**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ACHHAR SINGH, | No. 09-71801 |
| Petitioner, | Agency No. A096-142-018 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and HUFF, District Judge.[**]

Achhar Singh, a native and citizen of India, petitions for review of an order

of the Board of Immigration Appeals (BIA) dismissing his appeal of a decision by

an immigration judge (IJ) denying his application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Marilyn L. Huff, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

removal, and relief under the Convention Against Torture (CAT). Singh challenges the BIA's and the IJ's conclusions that his testimony was not credible and that changed country conditions in India and the reasonableness of internal relocation rendered him ineligible for relief.[1]

Even assuming that Singh testified credibly, the BIA and the IJ did not err in denying relief on the alternate bases. Changed country conditions and the reasonableness of internal relocation are independent grounds to deny asylum, withholding of removal, and relief under the CAT. 8 C.F.R. § 208.13(b)(1)(i)-(ii); 8 C.F.R. § 208.16(c)(3); 8 C.F.R. § 1208.16(b)(1)(i)-(ii); 8 C.F.R. § 208.16(c)(3); *Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011); *Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008); *Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004).

Here, a Citizenship and Immigration Services report indicates that only a small number of high-profile Sikhs who have been implicated in political militancy remain at risk in India. Furthermore, several high-profile individuals have even returned to the Punjab in recent years without incident. The IJ concluded, on the

---

[1] Singh also challenged the BIA's and the IJ's conclusion that he had not met his burden to show that his asylum application was timely. The government concedes that the arrival date on Singh's Notice to Appear conclusively establishes that his asylum application was timely filed. *See Cinapian v. Holder*, 567 F.3d 1067 (9th Cir. 2009).

basis of Singh's testimony, that Singh was merely a supporter of the Akali Dal party "who contributed minor logistical support on a local basis during election periods," and such low-profile individuals were no longer at risk. Although the record also contains some evidence of continuing harassment of Sikhs due to their suspected or actual pro-Khalistani views, there is ample evidence supporting the IJ's decision, and "[w]e are not in a position to second-guess the IJ's construction of [a] somewhat contradictory . . . country report." *Sowe*, 538 F.3d at 1286.

Similarly, the IJ did not err in concluding that Singh could safely and reasonably relocate to another part of India. The record contains evidence that only individuals who "had a very high profile," such as leaders of militant groups and those suspected of a terrorist attack, were likely to be pursued outside of the Punjab. The IJ was also justified in concluding that Singh had some proficiency in Hindi that would enable him to settle in a different part of the country. Furthermore, the record indicates that there are Sikh communities in other parts of India. All of these facts support the IJ's determination that internal relocation was a reasonable option for Singh.

**PETITION DENIED.**